# EXHIBIT A

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF FLORIDA**
**OCALA DIVISION**

MARA CONNELLY and RICHARD BRYAN WILSON, on and behalf of themselves and all others similarly situated,

*Plaintiffs*,

v.

LGI HOMES, INC., LOANDEPOT, INC., and LGI MORTGAGE SOLUTIONS, LLC,

*Defendants*.
_______________________________________/

Case No.: 5:26-cv-00539-JSS-PRL

**DECLARATION OF GREG SMITH IN SUPPORT OF DEFENDANT LOANDEPOT, INC.'S MOTION TO DISMISS FOR LACK OF PERSONAL JURISDICTION**

I, Greg Smith, declare under penalty of perjury pursuant to 28 U.S.C. § 1746 as follows:

1. I am over the age of eighteen and competent to testify to the matters set forth in this declaration.

2. I serve as Senior Vice President, Deputy General Counsel, and Corporate Secretary of loanDepot, Inc. I have held this position since June 4, 2026. From August 8, 2024, to June 4, 2026, I served as loanDepot, Inc.'s Senior Vice President, Deputy General Counsel, and Assistant Corporate Secretary.

3. I also serve as Senior Vice President, Deputy General Counsel, and Corporate Secretary of loanDepot.com, LLC ("loanDepot.com"). loanDepot.com is an indirect subsidiary of Defendant loanDepot, Inc. I have held this position since July 17, 2026. From May 28, 2024 to July 17, 2026, I served as loanDepot.com's Senior Vice President, Deputy General Counsel, and Assistant Corporate Secretary.

4. In my role, I am familiar with the corporate structure, governance, books and records, and business activities of loanDepot, Inc. and loanDepot.com and their direct and indirect subsidiaries. My responsibilities include oversight of corporate governance matters, maintenance of corporate books and records, support of reporting and disclosure obligations, support of board and, as applicable, committee activities, and legal support for corporate transactions and other corporate activities involving loanDepot, Inc., loanDepot.com, and their subsidiaries. Through these responsibilities, I regularly review corporate records and other business documents and interact with directors, officers, and employees regarding the structure, governance, and operations of the enterprise.

5. The statements in this Declaration are based on my personal knowledge, on my review of the corporate books and records of loanDepot, Inc. and its direct and indirect subsidiaries maintained in the ordinary course of business, and on information provided to me by officers and employees with responsibility for, or

knowledge of, the matters described herein. If called as a witness, I could and would testify competently to the matters set forth below.

6. I have reviewed the Complaint filed in the above-captioned action. I submit this Declaration in support of loanDepot, Inc.'s motion to dismiss the Complaint based for lack of personal jurisdiction.

## I. <u>loanDepot, Inc.'s Corporate Structure</u>

7. loanDepot, Inc. is a corporation organized under the laws of the State of Delaware.

8. loanDepot, Inc.'s principal place of business is located at 6561 Irvine Center Drive, Irvine, California 92618. Its corporate headquarters and executive offices are located in California.

9. loanDepot, Inc. is a holding company. It does not conduct any business operations other than those incidental to its role as a holding company.

10. loanDepot, Inc. holds no material assets other than its equity interest in LD Holdings Group LLC, a Delaware limited liability company.

11. LD Holdings Group LLC is likewise a holding company whose material assets include equity interests in various operating subsidiaries, including loanDepot.com.

12. loanDepot.com is a Delaware limited liability company and an indirect subsidiary of loanDepot, Inc. The entity that originates residential mortgage loans is loanDepot.com, not loanDepot, Inc.

13. loanDepot, Inc. and loanDepot.com are separate and distinct legal entities. They maintain separate corporate records, separate financial records, and separate bank accounts. loanDepot, Inc. and loanDepot.com maintain separate books and records and observe corporate formalities consistent with their separate legal existence.

## II. **loanDepot, Inc. is a non-operating holding company that does not conduct substantial activity in Florida.**

14. loanDepot, Inc. does not originate, underwrite, fund, purchase, sell, or service residential mortgage loans. It has never done so.

15. loanDepot, Inc. is not licensed as a mortgage lender, mortgage broker, or mortgage loan originator in Florida or in any other state.

16. loanDepot, Inc. does not advertise or market residential mortgage loans or any other product or service to consumers.

17. loanDepot, Inc. does not prepare, issue, or deliver loan estimates, closing disclosures, escrow analyses, loan applications, or any other loan documents to consumers.

18. loanDepot, Inc. does not sell homes, build homes, or participate in the marketing, sale, or financing of homes.

19. loanDepot, Inc. does not operate, conduct, engage in, or carry on any business or business venture in Florida, other than activities undertaken in its capacity as a non-operating holding company.

20. loanDepot, Inc. does not own, possess, lease, or hold a mortgage or other lien on any real property in Florida.

21. loanDepot, Inc. maintains no bank accounts in Florida and holds no Florida licenses or permits.

22. loanDepot, Inc. has not entered into any contract with either Plaintiff in Florida or anywhere else.

23. loanDepot, Inc. is registered as a foreign corporation with the Florida Department of State and has appointed a registered agent for service of process in Florida, but does not conduct any business in Florida, other than activities undertaken in its capacity as a non-operating holding company.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.

Executed on September 18, 2026, at Irvine, California.

Greg L Smith

Greg Smith
Senior Vice President, Deputy
General Counsel, and Corporate
Secretary for loanDepot, Inc. and
loanDepot.com, LLC